UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

                                  **MEMORANDUM OPINION AND ORDER**

v.                                               Crim. No. 97-147 (06) (MJD)

Jaimie Gonzalez,

      Defendant/Petitioner.

_____

      Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Respondent.

      Petitioner, *pro se*.

_____

      This matter is before the Court upon Petitioner's motions to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, to appoint counsel, and to proceed IFP.   (Doc. Nos. 361, 362 and 363)

**I.**      **Background**

      On March 1, 1999, Petitioner pleaded guilty to Count 10 of the Superseding Indictment which charged Robbery Affecting Interstate Commerce in violation of the Hobbs Act, 18 U.S.C. §§ 1951 and 2.   Prior to sentencing, a presentence

1

investigation report ("PSR") was completed. The criminal history section of the PSR provides that on March 2, 1998, Petitioner was convicted in Michigan state court on three counts: assault with intent to commit murder; a firearms violation; and assault to commit great bodily harm. (PSR ¶ 41.) He was sentenced to 20 to 45 years on the first count, two years on the second count to be served consecutively, and 160 months to 20 years on the third count, concurrent to the first count. (Id.) Petitioner's scheduled discharge on those state convictions is June 21, 2036. (Id.)

In this case, on June 23, 1999, Petitioner was sentenced to 120 months in prison; sixty months to be served concurrently and 60 months consecutively with his undischarged term of imprisonment in Michigan. Petitioner did not appeal his conviction or sentence.

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

**III.   Timeliness**

There is a one year period during which a motion may be filed under Section 2255. 28 U.S.C. § 2255(f). This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was

3

prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence.   Id.

In this case, because Petitioner did not file an appeal to the Eighth Circuit, Petitioner's judgment of conviction became final after the applicable period for filing a notice of appeal to the Eighth Circuit Court of Appeals expired. Judgment was entered on June 14, 1999, therefore, the time to file a notice of appeal expired on June 28, 1999.   Thus, to be timely, Petitioner had to have filed his habeas petition on or before June 28, 2000.   The petition was not filed, however, until June 15, 2020.   (Doc. No. 361)

Petitioner has not alleged that the government prevented him from filing his petition earlier or that it is based on new evidence.   Instead, he argues he is entitled to relief based on a constitutional right made retroactive on collateral review as set forth in pursuant to United States v. Davis, 139 S.Ct. 2319 (2019). In Davis, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is

4

unconstitutionally vague, and as a result any conviction based on § 924(c)(3)(B) may be vacated.  Id. at 2336.   The defendant in Davis was convicted of a Hobbs Act robbery and a related § 924(c) offense.   In this case, Petitioner was convicted of a Hobbs Act robbery only, not a § 924(c) offense, therefore, Davis has no application here.   As a result, the petition for relief is untimely and must be dismissed, as it was filed over twenty years after Petitioner's conviction became final.

**IV.	Motion to Appoint Counsel**

The standard for appointment of counsel in this case is whether Petitioner and the Court would benefit from the assistance of counsel.   Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995).   "Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." Id. at 1081-82.

Based on its review of the record and the submissions of the parties, the Court concludes that neither the facts nor the legal issues in this case are so

complex that counsel should be appointed.   Appointment of counsel would benefit neither Petitioner nor the Court, therefore the motion must be denied.

## V.     Certificate of Appealability

With regard to its procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 361] is **DENIED;**

2. The Motion to Appoint Counsel [Doc. No. 363] is **DENIED;**

3. The Motion to Proceed In Forma Pauperis [Doc. No. 362] is dismissed as moot; and

4. The Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   August 10, 2020

                                              /s Michael J. Davis
                                              Michael J. Davis
                                              United States District Court