UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

v.                                                        **MEMORANDUM OPINION
AND ORDER**

Crim. No. 97-cr-147 (MJD)

Jaime Gonzalez,

     Defendant,

_____

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Defendant Jaime Gonzalez, *pro se.*

_____

This matter is before the Court on Defendant's Motion for Compassionate

Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 370.]

## I.      Background

On March 1, 1999, Defendant pleaded guilty to Aiding and Abetting

Robbery Affecting Interstate Commerce in violation of 18 U.S.C §§ 1951 and 2.

(PSR ¶ 1.)  On June 23, 1999, Defendant was sentenced to a term of 120 months of

imprisonment; 60 months concurrent and 60 months consecutive to a state

sentence.[1] (Doc. No. 273.)  At this time, Defendant has completed his state

_____

[1]At the time of sentencing, Defendant was serving a sentence in Michigan for assault with intent to commit murder, a firearms violation and assault to commit great bodily harm. (PSR ¶ 41.) He

sentence is serving his consecutive federal sentence.  He is currently housed at

FCI Petersburg Medium, in Virginia, and his projected release date is June 13,

2024.

## II.      Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may, upon motion of the

Director of the Bureau of Prisons, or "upon motion of the defendant after the

defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier, may reduce the term of imprisonment (and may impose a

term of probation or supervised release with or without conditions that does not

exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in § 3553(a) to the extent that they are applicable,

if it finds that -- (i) extraordinary and compelling reasons warrant such a

reduction … and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."

---

was sentenced to 20 to 45 years on the first count, two years on the second count to be served
consecutively, and 160 months to 20 years on the third count, concurrent to the first count. (*Id.*)

The applicable policy statement with respect to motions to reduce sentence is set for in U.S.S.G. § 1B1.13,[2] which provides when decided a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

(ii) The defendant is –

    (I) suffering from a serious physical or medical condition

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[2] U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). However, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). *See e.g., United States v. Warren*, 456 F. Supp.3d 1083, 1085–86 (D. Minn. 2020) (finding that part of § 1B1.13 that states "[u]pon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applies factors set forth in § 1B1.13 to motions brought by a defendant under § 3582(c)(1)(A)).

U.S.S.G. § 1B1.13, cmt. 1(A)

Defendant submitted a request for a sentence reduction to the Warden of FCI Hazelton in May 2021. (Doc. No. 371 at 1–3.) However, that request only sought compassionate release for Defendant's rehabilitation and did not seek compassionate release for the Covid-19 pandemic. (Id.) The warden denied his request for release on May 11, 2021. (Id. at 4.) Roughly six months later, Defendant filed a motion with this Court seeking compassionate release based on his rehabilitation efforts and due to the COVID-19 pandemic.

**A.     Compassionate Release Due to COVID-19**

Under 28 C.F.R. § 571.61, a prisoner's § 3582(c)(1)(A) request for compassionate release must be submitted to the warden of his or her facility. The regulation provides that the request, which must "ordinarily" be in writing, should advise the warden of the extraordinary or compelling circumstances that the inmate believes warrant consideration, as well as the inmate's proposed release plan, including where the inmate will reside and the inmate's plans for any potential medical treatment. The exhaustion requirement is a mandatory claim-processing rule. Manrique v. United States, 137 S.Ct. 1266, 1272 (2017) ("Mandatory claim-processing rules seek to promote the orderly progress of

litigation by requiring that the parties take certain procedural steps at certain specified times.") (internal quotation marks omitted).  "Unlike jurisdictional rules, mandatory claim-processing rules may be forfeited if the party asserting the rule waits too long to raise the point.  If a party properly raise[s] them, however, they are unalterable."  Id. (cleaned up).

In its response, the Government raised the exhaustion issue and argues this Court should dismiss the request, to the extent it is based on the COVID-19 pandemic, because Defendant's request for compassionate release to the warden did not mention COVID-19 as an extraordinary or compelling circumstance warranting relief. (See Doc. No. 371, at 1–3.)  Other courts in this District have done the same when a defendant has failed to exhaust his administrative remedies.  See e.g., United States v. Walker, 16-cr-33 (01), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (denying motion where defendant failed to exhaust administrative remedies); United States v. Williams, 06-cr-143, 2020 WL 614807, at *2 (D. Minn. Feb. 10, 2020) (holding "Williams presents no evidence or argument as to whether he has exhausted his administrative remedies, which is a threshold statutory requirement").

Even if Defendant had exhausted his remedies, however, the Court finds the claim has no merit.  Defendant makes no health-related claims and has provided no evidence that his health has deteriorated since his May 1999 PSR which found him in good health, and his BOP medical records indicate no dramatic shifts in this physical condition since that time as well.  (See PSR ¶ 52; Govt. Ex. 1.)  Finally, the Court notes that Defendant refused the booster shot for the vaccine, despite the BOP providing the opportunity for him to do so. (Id. at 79.)

The Court further recognizes that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols, and quarantining for treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See https://www.bop.gov/coronavirus/covid19_modified-operations-guide.jsp.  At this time, the facility at which Defendant is housed, FCI Petersburg Medium, reports there are zero active cases among staff and inmates, 1 inmate death, and that 252 inmates and 43 staff have recovered from the virus. See https://bop.gov/coronavirus/.

### B.    Compassionate Release Due to Rehabilitation

The Court finds that Defendant has sufficiently exhausted all administrative remedies regarding rehabilitation and will proceed to the merits of the claim.  Defendant states he has completed and continues to participate in various educational and rehabilitation programs.  These include violence and drug programs as well as leadership, parenting, financial, and technical education courses. Defendant also describes his conduct as that of a "model prisoner" and "man of extraordinary character...."  While the Court acknowledges the effort Defendant has taken to pursue these changes in his life, they do not warrant Defendant relief from this Court.

As previously stated, a court may only grant compassionate relief if extraordinary circumstances are present to warrant such relief.  While Congress did not provide the parameters of extraordinary and compelling circumstances, 28 U.S.C. § 994(t) explicitly states that, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).  Notably, rehabilitation is the only circumstance that Congress has singled out as not being "extraordinary and compelling."  See Williams, 2020 WL 614807, at *1.  District courts have repeatedly held that rehabilitation alone is not

sufficient basis for granting relief.  See United States v. Logan, 532 F. Supp.3d 725, 735 (D. Minn. 2021) (holding, "[p]risoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. . . . [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do."); United States v. Brown, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) (reaffirming that even though Congress left the definition of extraordinary and compelling reasons undefined, it made clear that rehabilitation alone does not suffice).

Defendant has made clear that he has taken steps to improve his life both in prison and upon release.  However, both statutory and case law hold that these steps are not sufficient, standing alone, to warrant compassionate release by this Court.  As such, Defendant's request for release on the claim of rehabilitation must be denied.

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 370] is **DENIED**.

Date:  March 15, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court

8